1  MICHAEL L. MALLOW (SBN 188745)
   mmallow@loeb.com
2  LOEB & LOEB LLP
   10100 Santa Monica Blvd., Suite 2200
3  Los Angeles, CA 90067
   Telephone: 310.282.2000
4  Facsimile: 310.282.2200

5  Douglas A. Rettew (Admitted *Pro Hac Vice*)
   Danny M. Awdeh (Admitted *Pro Hac Vice*)
6  Anna Balishina Naydonov (Admitted *Pro Hac Vice*)
   FINNEGAN, HENDERSON, FARABOW,
7   GARRETT & DUNNER, L.L.P.
   901 New York Avenue N.W.
8  Washington, DC 20001
   Telephone: 202.408.4000
9  Facsimile: 202.408.4400

10 Attorneys for HEAD USA, INC.

**NOTE CHANGES MADE BY THE COURT**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL MINORU ONO, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HEAD RACQUET SPORTS USA, a corporation organized and existing under the laws of the State of Delaware, and HEAD USA, INC., a corporation organized and existing under the laws of the State of Delaware,<br><br>Defendants. | Case No.: 2:13-cv-04222-FMO (AGRx)<br><br>Assigned to Hon. Alicia G. Rosenberg<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br>First Amended Complaint Filed: August 7, 2013 |

**NOTE CHANGES MADE BY THE COURT**

**NOTE CHANGES MADE BY THE COURT**

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2330172.1
221895-10001

[PROPOSED] STIPULATED PROTECTIVE ORDER

Plaintiff Russell Minoru Ono ("Mr. Ono") and Defendant Head USA, Inc.[1] ("Head") stipulate and agree between and among themselves, by and through their attorneys, to the entry of this Protective Order to govern the use, dissemination, and disclosure of certain documents and materials described below and obtained by the parties through discovery in this action. The parties agree as follows:

### A. Scope of Order

This Protective Order shall apply to all information, premises, documents, and things owned or controlled by the parties, or of any parents, subsidiaries, divisions, branches, affiliates, related companies, agents, or licensees of any party, or of any other parties added or substituted in this case, that are subject to discovery in this action, including without limitation, testimony adduced at depositions upon oral examination or upon written questions, answers to interrogatories, documents and things produced, information obtained from inspection of premises or things, and answers to requests for admission (hereafter "Information and Materials").

### B. Definitions

1. As used in this Order, "Confidential" Information and Materials means information that is not publicly available that concerns or relates to the specifications for Head's rackets, U.S. marketing and advertising of Head's rackets, U.S. distribution and sales channels for Head's rackets, and other information the disclosure of which may likely cause harm to its business operations or provide improper advantage to others.

2. As used in this Order, "Highly Confidential—Attorneys Eyes Only" Information and Materials shall mean information that is not publicly available that concerns or relates to Head's U.S. sales figures, advertising and promotional spending, customization of rackets, business-development plans, product-development plans, product research/studies, marketing research/studies, consumer

---

[1] Plaintiff also names "Head Racquet Sports USA" as a Defendant in this case. No such entity exists. Defendant "Head USA, Inc." does business as "Head Penn Racquet Sports."

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2330172.1
221895-10001

[PROPOSED] STIPULATED PROTECTIVE ORDER

research/studies, business contracts (including endorsement agreements) and negotiations, which constitute trade secrets within the meaning of the Uniform Trade Secrets Act and all Information and Materials that likely, if known to a receiving party (or any of its officers, directors, employees, or agents), or to the public, lead to a significant harm or injury to the reputation and/or business of the disclosing party or provide improper advantage to others.

**C.  Marking Requirements**

1. All Information and Materials deemed *Confidential or Highly Confidential—Attorneys Eyes Only* will be so identified and labeled by the producing party.

2. If qualified Information and Materials cannot be labeled, they shall be designated as *Confidential or Highly Confidential—Attorneys Eyes Only* in a manner to be agreed upon by the parties.

3. In lieu of marking the original of a document or thing, if the original is not produced, the designating party may mark the copies that are produced or exchanged, but the other party, by its counsel, shall have the right to examine the original, to be provided with a full and complete copy, and to call for production of the original at the trial in this action. However, nothing in this Stipulated Protective Order requires the production of privileged or work-product Information and Materials, or any Information and Materials that are otherwise not subject to discovery. If a producing party inadvertently discloses to a receiving party information that is privileged, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item(s) of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege. It is further agreed that the receiving party will return such inadvertently produced item(s) of information and all copies thereof within three (3) business days of receiving a written request for the return of such item(s) of information.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2330172.1
221895-10001

3

[PROPOSED] STIPULATED PROTECTIVE ORDER

Case 2:13-cv-04222-FMO-AGR  Document 33  Filed 11/04/13  Page 4 of 13  Page ID #:734

4. The identification and labeling specified in Paragraphs C.1, C.2, and C.3 of this Order shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served, and when a copy of the document or thing is provided to Head or Mr. Ono. In the case of hearing and deposition transcript pages, the designating party shall advise opposing counsel of the specific pages to be maintained in confidence within thirty (30) days after the receipt of the transcript or as otherwise agreed by counsel. During this period, the entire transcript shall be deemed to be *Highly Confidential—Attorneys Eyes Only*.

5. In the event that a disclosing party discovers a failure to mark qualified Information or Materials as Confidential or *Highly Confidential—Attorneys Eyes Only*, the other party shall be notified immediately and the following corrective action shall be taken:

    a. The receiving party shall notify all persons who have received the Information and Materials that the Information and Materials are designated *Confidential or Highly Confidential—Attorneys Eyes Only* and must be treated as designated in this Order;

    b. The receiving party shall take all reasonable steps to place the applicable *Confidential or Highly Confidential—Attorneys Eyes Only* label on the designated Information and/or Materials; and

    c. The receiving party shall treat the newly marked Information and Materials as set out in Paragraphs F and G of this Order.

**D. Designating Information and Documents**

1. In designating Information and Materials as *Confidential or Highly Confidential—Attorneys Eyes Only*, a party will make such designation only as to that information that it in good faith believes to be Confidential or Confidential—Attorneys Eyes Only as defined in Paragraph B of this Order.

2. If counsel for a party believes that questions put to a witness being examined during a deposition will disclose *Confidential or Highly Confidential—*

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2330172.1
221895-10001

4

[PROPOSED] STIPULATED PROTECTIVE ORDER

Case 2:13-cv-04222-FMO-AGR   Document 33   Filed 11/04/13   Page 5 of 13   Page ID #:735

*Attorneys Eyes Only* Information and/or Materials of his or her client, or that the answer to any question or questions requires such disclosure, or if documents to be used as exhibits during the examination contain such information, counsel shall so notify opposing counsel and the deposition of such witness, or portions thereof, shall be taken only in the presence of appropriate persons as defined in Paragraph F, counsel for the witness, if any, the stenographic reporter, and the officers or employees of the party whose *Confidential or Highly Confidential—Attorneys Eyes Only* information is being disclosed.

### E. Redaction

Redacted versions of *Confidential or Highly Confidential—Attorneys Eyes Only* materials that no longer contain *Confidential or Highly Confidential—Attorneys Eyes Only* information, and that are not subject to this Order, may be used for any proper purpose.

### F. Access to *Confidential or Highly Confidential—Attorneys Eyes Only* Information and Materials

1. It is the general intent of the parties to limit disclosure to the smallest number of persons, consistent with the needs of litigation.

2. All access, possession, use, testing, inspection, study, or copying of any Information or Materials designated as *Confidential* under this Order is governed by this Order and is limited to the following persons:

   a. The law firms Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.; Loeb & Loeb LLP; Baron & Budd, P.C.; and in-house counsel for Head and/or its related companies, including attorneys, law clerks, stenographic, clerical, and paralegal employees whose functions require access to such *Confidential* Information and Materials.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2330172.1
221895-10001

5

[PROPOSED] STIPULATED PROTECTIVE ORDER

  b. A party, and up to three employee representatives of Head and/or its related companies, not to include in-house counsel or members of Head's legal department.

  c. Independent experts, consultants, or translators for each party and their clerical personnel, who are not employees of the parties or employees of a Head Competitor (defined below) (or their parents, subsidiaries, divisions, branches, affiliates, or agents), and whose advice and consultation will be used by such party in connection with preparation of this case for trial. However, disclosures to such persons will be allowed only after the conditions set forth in Paragraph F.4 of this Order are satisfied. In no event may Mr. Ono or his counsel disclose any materials designated as *Confidential* or *Highly Confidential—Attorneys Eyes Only* to any Head Competitor, e.g., manufacturers of tennis rackets, tennis racket parts, and/or tennis equipment ("Head Competitor"), whether or not the Head Competitor has executed Exhibit A to this Order.

 3. All access, possession, use, testing, inspection, study, or copying of any Information or Materials designated as *Highly Confidential—Attorneys Eyes Only* under this Order is governed by this Order and is limited to in-house and outside counsel and their staff, as identified above in Paragraph F.2.a, and experts and their staff, as identified above in Paragraph F.2. Mr. Ono and any other plaintiff will not have access to Information or Materials designated as *Highly Confidential—Attorneys Eyes Only*.

 4. Prior to any disclosure of *Confidential or Highly Confidential—Attorneys Eyes Only* Information and/or Materials to those persons named in Paragraph F.2.c of this Order, disclosing counsel shall obtain from each such person

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2330172.1
221895-10001

6

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  a copy of a signed undertaking as set forth in Exhibit A, including any information
2  requested by Exhibit A.

3      5.    The parties will attempt to resolve any disagreements about the designation of Information and/or Materials designed as *Confidential* or *Highly Confidential—Attorneys Eyes Only* on an informal basis before presenting the dispute to the Court by motion or otherwise. Acceptance by a party of Information and/or Materials as *Confidential or Highly Confidential—Attorneys Eyes Only* will not, of itself, constitute an admission that the designated Information and/or Materials is entitled to protection. If unable to resolve any such disagreements, the objecting party shall file an appropriate motion with the Court. Any motion supporting a designation shall be brought in compliance with Local Rules 37-01 and 37-2 (including the Joint Stipulation requirement). Information and/or Materials designated as *Confidential* or *Highly Confidential—Attorneys Eyes Only* shall remain under the protection of this Stipulated Protective Order until there is an order of the Court to the contrary or until there is an express written agreement between the parties. No party shall be obliged to challenge the proprietary of a *Confidential* or *Highly Confidential—Attorneys Eyes Only* designation at the time of production, and failure to do so shall not preclude a subsequent attack on the proprietary of such designation.

    G.    **Handling Confidential and Confidential—Attorneys Eyes Only Information and Materials**

    1.    Copies of *Confidential* or *Highly Confidential—Attorneys Eyes Only* Information and Materials shall not be made public by the party to whom they are disclosed unless they become a part of the public record in this action by agreement of the parties or by order or action of the Court. *Confidential* or *Highly Confidential—Attorneys Eyes Only* Information and Materials may be included in whole or in part in pleadings, motions, or briefs only if such Information and Materials shall be filed with the Court with an application pursuant ~~pursuant to the Court's practices and~~



Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2330172.1
221895-10001

7

[PROPOSED] STIPULATED PROTECTIVE ORDER



to Local Rule 79-5 ~~procedures with respect to filing documents under seal, or with the Court in sealed envelopes prominently marked with the caption of this proceeding and the appropriate or like notation:~~

~~Contains CONFIDENTIAL/HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY~~

~~Information—To Be Opened Only As Directed By The Court~~

2. Any Information and Materials marked with any one or more such legend(s) may be filed with the Court in a single envelope. ~~The parties stipulate that Information and Materials identified and labeled in accordance with this Paragraph shall be received in camera as directed by the Court.~~

3. Within sixty (60) days after the final judgment and the exhaustion of any appeals in this action or the settlement of this action, all Information and Materials covered by this Order, except those in possession of the Court, shall be destroyed, except that outside counsel may maintain one copy of all correspondence and pleadings. Subject to this exception, outside counsel shall certify to counsel for the producing party the destruction of all additional copies of Information and Materials so designated in their possession, custody or control.

**H.  Miscellaneous**

1. This Order shall not prevent a party from applying to the Court for relief from the Order or any part thereof, or for relief from its application in any particular circumstance, or from applying to the Court for further or additional protective agreements or orders.

2. This Order shall survive the final termination of this or related proceedings to the extent that the *Confidential* or *Highly Confidential—Attorneys Eyes Only* Information and Materials have not or do not become known to the public.

3. No copy of any transcript of any deposition taken by any party that is designated in part or in whole as *Confidential* or *Highly Confidential—Attorneys*

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2330172.1
221895-10001

8

[PROPOSED] STIPULATED PROTECTIVE ORDER

> *Confidential or Highly Confidential Information used at trial shall become public absent a separate court order upon written motion and sufficient cause shown.*

(AGR)

1. *Eyes Only* shall be furnished by the reporter to any person other than to counsel for the parties. ~~Neither the original nor any copy of any transcript of any deposition taken in this proceeding shall be filed with the Court or used during the trial in this action until the parties' outside counsel have had the opportunity to designate those portions, if any, of the transcript that are to be regarded as Confidential or Highly Confidential—Attorneys Eyes Only as provided in Paragraph C.4. Upon such a designation, the designated portions of the transcript to be filed with the Court or used during the trial shall be filed under seal in accordance with Paragraph G of this Order, unless otherwise agreed by the parties or ordered by the Court.~~

4. Each person having access to *Confidential* or *Highly Confidential—Attorneys Eyes Only* Information and Materials under this Order shall take all reasonable steps to comply with this Order.

5. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this proceeding and, in the course of the proceeding, referring to or relying upon his or her examination of *Confidential* or *Highly Confidential—Attorneys Eyes Only* Information and Materials; provided, that in rendering such advice and in otherwise communicating with clients, the attorney shall not make specific disclosure to any person of any Confidential or Confidential—Attorneys Eyes Only Information and Materials.

6. Any person bound by this Order may rely on a waiver or consent that is made by an attorney for a party as if that waiver or consent was made by that party or person, provided that such waiver or consent shall be either in writing or on record in a hearing, trial, or deposition transcript.

7. A person or an entity that is not a party to this litigation may take advantage of the protection of *Confidential* or *Highly Confidential—Attorneys Eyes Only* Information and Materials provided by this Order, and such person or entity shall be entitled to all rights and protections afforded the disclosing party under this Order.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2330172.1
221895-10001

9

[PROPOSED] STIPULATED PROTECTIVE ORDER

The parties, through their undersigned counsel, agree to the terms of this Stipulated Protective Order as of the last dates shown below.

Dated: November 4, 2013

BARON & BUDD, P.C.

By: /s/ Daniel Alberstone
   Daniel Alberstone (SBN 105275)
   Roland Tellis (SBN 186269)
   Peter F. Smith (SBN 203224)
   Mark Pifko (SBN 228412)
   BARON & BUDD, P.C.
   15910 Ventura Boulevard, Suite 1600
   Encino, California 91436
   Telephone: (818) 839-2333
   Facsimile: (818) 986-9698

Attorneys for Plaintiff Russell Minoru Ono

Dated: November 4, 2013

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.

By: /s/ Michael L. Mallow
   Douglas A. Rettew (*pro hac vice*)
   Danny M. Awdeh (*pro hac vice*)
   Anna Balishina Naydonov (*pro hac vice*)
   FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.
   901 New York Avenue NW
   Washington DC 20001
   Telephone: 202.408.4000
   Facsimile: 202.408.4400

   Michael L. Mallow (SBN 188745)
   mmallow@loeb.com
   LOEB & LOEB LLP
   10100 Santa Monica Blvd., Suite 2200
   Los Angeles, CA 90067
   Telephone: 310.282.2000
   Facsimile: 310.282.2200

Attorneys for HEAD USA, INC.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2330172.1
221895-10001

10

[PROPOSED] STIPULATED PROTECTIVE ORDER

**IT IS SO ORDERED.**

Dated: Nov. 13, 2013

*Alicia G. Rosenberg*
Honorable Alicia G. Rosenberg
United States Magistrate Judge

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2330172.1
221895-10001

11

[PROPOSED] STIPULATED PROTECTIVE ORDER

# EXHIBIT A

*Russell Minoru Ono v. Head Racquet Sports USA and Head USA, Inc.*

**Central District of California**
**Case No. 2:13-cv_4222-FMO-AGR**

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, being duly sworn, state that:

1. My address is:

2. My employer is:

3. My present occupation or job description is:

4. I have/have never been employed and am/am not currently employed by any of the parties in this case, or by any parents, subsidiaries, divisions, branches, affiliates, or competitors of any of the parties in any capacity other than as an expert, consultant, or translator in this proceeding.

5. I have received a copy of the Stipulated Protective Order in this case.

6. I have carefully read and understand the provisions of the Stipulated Protective Order.

7. I will comply with all of the provisions of the Stipulated Protective Order and understand that a violation of the Stipulated Protective Order or this Agreement could result in sanctions against me.

8. I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any "Confidential" or "Highly Confidential—Attorneys Eyes Only" Information or Materials disclosed to me.

9. I will return all Information and Materials containing or disclosing "Confidential" or "Highly Confidential—Attorneys Eyes Only" Information and Materials which come into my possession, and Information and Materials that I have prepared relating thereto, to counsel for the party that provided me with the "Confidential" or "Confidential—Attorneys Eyes Only" Information and Materials.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2330172.1
221895-10001

[PROPOSED] STIPULATED PROTECTIVE ORDER

10. I submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Date:_____  By:_____

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2330172.1
221895-10001

13

[PROPOSED] STIPULATED PROTECTIVE ORDER